# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 11, 2025

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| WILLA K. LAU, | \* | UNPUBLISHED |
| | \* | |
| Petitioner, | \* | No. 19-1956V |
| | \* | |
| v. | \* | Special Master Dorsey |
| | \* | |
| SECRETARY OF HEALTH | \* | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

Richard H. Moeller, Moore, Heffernan, et al., Sioux City, IA, for Petitioner.
Michael Joseph Lang, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On December 26, 2019, Willa K. Lau ("Petitioner"), filed a petition in the National Vaccine Injury Program[2] alleging that as a result of receiving an influenza ("flu") vaccine on October 29, 2018, she developed Guillain-Barré syndrome ("GBS"). Petition at Preamble (ECF No. 1). On March 22, 2024, the undersigned issued a ruling finding Petitioner entitled to compensation. Ruling on Entitlement dated Mar. 22, 2024 (ECF No. 91). The undersigned issued a Decision awarding damages on July 22, 2024. Decision Awarding Damages Based on Proffer dated July 22, 2024 (ECF No. 100).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On July 22, 2024, Petitioner filed an application for attorneys' fees and costs. Petitioner's Motion for Fees and Costs ("Pet. Mot."), filed July 22, 2024 (ECF No. 101). Petitioner requests compensation in the amount of $81,742.75, representing $71,718.70 in attorneys' fees and $10,024.05 in costs. Id. at 1. Petitioner warrants that she has not personally incurred any costs in pursuit of her claim for compensation. Id. at 1; Pet. Exhibit ("Ex.") 70. Respondent filed his response on August 5, 2024, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. Mot. ("Resp. Response."), filed Aug. 5, 2024, at 2 (ECF No. 102). Petitioner filed a reply on August 5, 2024, reiterating her request for attorneys' fees and costs. Pet. Reply to Resp. Response, filed Aug. 5, 2024 (ECF No. 104). The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Richard Moeller, $285.00 per hour for work performed in 2018, $300.00 per hour for work performed in 2019, $341.00 per hour for work performed in 2020, $363.00 per hour for work performed in 2021, $379.00 per hour for work performed in 2022, $408.00 per hour for work performed in 2023, and $436.00 per hour for work performed in 2024; for Ms. Nikki Nobbe, $190.00 per hour for work performed in 2018, $200.00 per hour for work performed in 2019, $242.00 per hour for work performed in 2020, and $242.00 per hour for work performed in 2021; and for Ms. Coyreen Weidner, $100.00 per hour for work performed in 2019, $274.00 per hour for work performed in 2022, $313.00 per hour for work performed in 2023, and $336.00 per hour for work performed in 2024. Petitioner also requests the following rates for work of her counsel's paralegal, Ms. Melissa Jones: $75.00 per hour for work performed in 2018, $85.00 per hour for work performed in 2019, $95.00 per hour for work performed in 2020, $110.00 per hour for work performed in 2021, $125.00 per hour for work performed in 2022, $137.00 per hour for work performed in 2023, and $150.00 per hour for work performed in 2024.

The undersigned finds the rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein. The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable and will award them in full.[3] Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation. Accordingly, the full amount of costs shall be awarded.

---

[3] The undersigned warns counsel against billing for filing documents and preparing documents (e.g., bate stamping), as these are noncompensable tasks. It is well known in the Vaccine Program that billing for some administrative tasks, even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023) ("Clerical and secretarial tasks should not be billed at all, regardless of who performs them."); Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"). The undersigned may reduce counsel's fees accordingly in the future.

Therefore, the undersigned finds no cause to reduce the requested hours or rates, or the requested costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of Petitioner's request, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs.

> **Petitioner is awarded attorneys' fees and costs in the total amount of $81,742.75, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[4]

**IT IS SO ORDERED.**

/s/ **Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.